**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CHANIE DAFNER, on behalf of herself and all others similarly situated,

Plaintiffs,

-against-

CONTINENTAL SERVICE GROUP, INC.

Defendant.

**CIVIL ACTION**

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

Plaintiff CHANIE DAFNER (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorney, Joseph H. Mizrahi Law, P.C., against Defendant CONTINENTAL SERVICE GROUP, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §1692(b),(c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

6.  Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7.  Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8.  Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9.  Defendant is a collection agency with its principal office located in Fairport, New York.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a (6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP")

   Rule 23, individually and on behalf of the following consumer class (the "Class"):

   - All New York consumers who received a collection letter from Defendant attempting to collect an obligation owed to or allegedly owed to Mercy College, that contains the alleged violation arising from Defendant's failure to adequately advise the consumer of the amount of debt in violation of 15 U.S.C. §1692e, *et seq*.

   - The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection Letter and/or notices from Defendant that fail to adequately advise the consumer of the amount owed in violation of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

   - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

     a.   Whether Defendant violated various provisions of the FDCPA;

     b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as

monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT PARTICULAR TO CHANIE DAFNER

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect on an unpaid account allegedly owed to Mercy College.

17. On or around June 1, 2017 Defendant sent Plaintiff a collection letter.  *See* Exhibit A.

18. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. The June 1, 2017 letter was an initial communication between Plaintiff and Defendant.

21. As a result of the following Counts Defendant violated the FDCPA.

## First Count
## 15 U.S.C. §1692g and §1692e *et seq.*
## Failure to Adequately and Honestly Convey the Amount of the Debt

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

24. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

25. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly and accurately from the perspective of the least sophisticated consumer.

26. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

27. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

28. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

29. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

30. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

31. The Letter states,

> "As of the date of this letter, you owe the balance shown on this letter. Because this debt may require you to pay interest on the outstanding portion of your balance, as well as other assessed Collection Costs, which may vary from day to day, the amount required to pay this debt in full may be greater than the amount stated here."

32. The Letter fails to provide information that would allow the least sophisticated consumer to

determine what he or she will need to pay to resolve the debt at any given moment in the future.

33. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

34. For instance, the Letter fails to indicate the date of accrual of interest.

35. For instance, the Letter fails to indicate the amount of interest during any measurable period.

36. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amounts stated to increase.

37. The Letter fails to state what part of the amounts stated is attributable to principal.

38. The Letter fails to state what part of the amounts stated is attributable to interest.

39. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

40. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

41. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

42. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly and accurately from the perspective of the least sophisticated consumer.

43. Defendant violated 15 USC §1692g by failing to accurately state, in its initial communication to Plaintiff, the balance of the debt by stating that the outstanding balance "may be different" without adequately advising the Plaintiff of possible adjustments that may occur, including an increase due to accrued contractual interests and/or fees.

44. Moreover, Plaintiff's rights under 1692g were violated because Defendant demanded payment without sufficiently communicating to Plaintiff the exact amount due and owing on the alleged account.

45. As a result of Defendant's communications, Plaintiff and the least sophisticated consumer would not be able to adequately discern the exact amount due and owing on the alleged debt.

46. As the Second Circuit recently stated:

> Absent fuller disclosure, an unsophisticated consumer may not understand how these fees are calculated, whether they may be disputed, or what provision of the note gives rise to them. Because the statement gives no indication as to what the unaccrued fees are or how they are calculated, she cannot deduce that information from the statement. *Carlin v. Davidson Fink LLP*, No. 15-3105-cv (2d Cir. Mar. 29, 2017).

47. The Court further elaborated by stating that it is a violation of Section 1692g if the debt collector in "the Payoff Statement only expresses that the Total Amount Due may include estimated fees and costs. There is no clarity as to whether new fees and costs are accruing or as to the basis for those fees and costs." *Id.*

48. It went on to state:

> We do not hold that a debt collector may never satisfy its obligations under § 1692g by providing a payoff statement that provides an amount due, including expected fees and costs. But a statement is incomplete where, as here, it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, <u>and an explanation of any fees and interest that will cause the balance to increase</u>" (emphasis added). *Id.*

49. The Collection Letter at bar merely states that "the amount required to pay this debt in full may be greater." Defendant fails to clarify whether the balance is actually accruing. Instead it merely asserts that the balance "may be greater."

50. Furthermore, the Letter also fails to clarify what Plaintiff will need to pay to resolve the debt at any given moment in the future, and fails to provide an adequate explanation of any fees and

interest that will cause the balance to increase, in violation of the Second Circuit recent holding in *Carlin*, supra.

51. The Letter, because of the aforementioned failures, renders the statements of the amount of the debts, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

52. The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

53. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692g.

54. For these reasons, Defendant failed to clearly state the amount of the debt.

**Second Count**
**15 U.S.C. §1692e *et seq.***
**False or Misleading Representations as to Status of Debt**

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "54" herein with the same force and effect as if the same were set forth at length herein.

56. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

57. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

58. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

59. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

60. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

61. Defendant violated §1692e by falsely suggesting that immediate payment of the balance would benefit Plaintiff financially by stating that the account balance stated above would be subject

to change, and could be subject to interest, late Collection Costs or other Collection Costs. As the account balance Defendant seeks to collect *never* varies from the date of issuance of its Collection, and Defendant *never* makes an adjustment due to the terms of the original credit agreement after it receives payment in the amount of the initial letter, the statement in its letter is false, deceptive and misleading.

62. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692(e).

63. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**Third Count**
**Violation of 15 U.S.C. §§ 1692e and 1692f, *et seq***
**Charging of Unlawful Fees**

64. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "63" herein with the same force and effect as if the same were set forth at length herein.

65. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

67. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

68. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

69. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692(e).

70. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

71. Defendant's June 1, 2017 Collection Letter purports to charge Plaintiff "Collection Costs" in the amount of $958.65. *See* Exhibit A.

72. Defendant violated the FDCPA by failing to specify the nature of said "Collection Costs."

73. Additionally, Defendant violated 15 U.S.C. § 1692e(2)(A) by charging and/or attempting to charge an amount in excess of what was actually owed in the guise of said Collection Costs."

74. The notification and collection of a $958.65 Collection Cost is unlawful. See e.g. *Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (the Court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account."), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham,* 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (Plaintiff states a viable FDCPA claim by alleging that Defendant collected or attempted to collect a $4.24 payment Collection Cost not expressly authorized by the agreement creating the debt); *Quinteros v. MBI Assocs.,* 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb.27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

75. Defendant's Collection Cost demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

76. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge,

or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

77. Defendant attempted to collect an amount in excess of which it was authorized to collect by charging a Collection Cost in violation of the FDCPA.

78. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a)   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Joseph H. Mizrahi Law, P.C., as Class Counsel;

(b)   Awarding Plaintiff and the Class statutory damages;

(c)   Awarding Plaintiff and the Class actual damages;

(d)   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)   Awarding pre-judgment interest and post-judgment interest; and

(f)   Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:   Brooklyn, New York
        July 12, 2017

Respectfully submitted,

By: /s/ Joseph H. Mizrahi
Joseph H. Mizrahi, Esq.
Joseph H. Mizrahi Law, P.C.
337 Avenue W, Suite 2F
Brooklyn, New York 11223
Phone: (917) 299-6612
Fax:     (347) 665-1545
Email: Jmizrahilaw@gmail.com
*Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*/s/ Joseph H. Mizrahi*
Joseph H. Mizrahi, Esq.

Dated:    Brooklyn, New York
              July 12, 2017